WILSON JONES COMPANY, Plaintiff-Appellant,

v.

The GILBERT & BENNETT MANUFAC-TURING COMPANY, Defendant-Appellee.

No. 355, Docket 28571.

United States Court of Appeals
Second Circuit.

Argued March 13, 1964.

Decided May 25, 1964.

---

I. Walton Bader, New York City (Bader & Bader, New York City, and Trager, Donnelly & Trager, Bridgeport, Conn., on the brief), for plaintiff-appellant.

Jennings Bailey, Jr., Washington, D. C. (Bailey, Stephens & Huettig, Washington, D. C., and Maguire, Cole & Bentley, Stamford, Conn., on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, SMITH, Circuit Judge, and LEVET, District Judge.*

J. JOSEPH SMITH, Circuit Judge.

This is an appeal from summary judgment for defendant in an action in the United States District Court for the District of Connecticut, William H. Timbers, District Judge, brought to reverse the dismissal of opposition to registration in the Patent Office of the trademark "Vinyl-Gard" for woven and welded wire products. We conclude that summary judgment for defendant was required on the showing made in the District Court, and affirm the judgment.

The appellee, a Connecticut manufacturer of woven and welded wire fabric primarily used as fencing, flower borders, trellises, wire netting, hardware cloth, etc., filed an application with the United States Patent Office to register the trademark "Vinyl-Gard" for woven and welded wire products. Appellant, a Massachusetts manufacturer of stationery binders, filed an opposition. The opposition alleged that the appellant had previously used the mark "Vinyl-Guarded" for its binders, and that the public was likely to be confused by the similarity between the marks and goods. At the time it filed the opposition, the appellant was attempting to register "Vinyl-Guarded" for its binders.

The Trademark Trial and Appeal Board set a 30-day period for the appellant to take testimony in support of its opposition; however, the appellant neglected to submit any testimony or other evidence during this prescribed period. More than six weeks after this 30-day period had elapsed, the appellant moved for an extension and reopening of the time set for the taking of testimony. The Trademark Trial and Appeal Board considered the appellant's excuse that its principal officer was engaged in other business insufficient, and it dismissed the opposition because there was no evidence to support it. Appellant contends that it was not necessary to take testimony in view of the clearly descriptive nature of the trademark. But the appellant's opposition failed to plead that the mark was descriptive. Indeed, such an allegation would have been quite inconsistent with its own application to register "Vinyl-Guarded."

Appellant promptly filed this action in the Connecticut District Court to secure reversal of the dismissal of its opposition. It purported to proceed under 35 U.S.C. § 146, but because of a 1962 amendment to the Lanham Act, the proper source of the jurisdiction of the District Court is

---

* Sitting by designation.

15 U.S.C. § 1071. This section affords a party to an opposition proceeding who is dissatisfied with the decision of the Trademark Trial and Appeal Board the option of commencing a civil action in the District Court or appealing to the Court of Customs and Patent Appeals.

Judge Timbers rendered summary judgment for the appellee on three grounds:

(1) Appellant's negligent failure to present evidence before the Patent Office is a bar to the introduction of evidence before the District Court.

(2) Appellant has no standing to maintain this action because its goods are so different from the appellee's that the appellant will not be damaged by the prospective registration.

(3) The complaint's misrepresentation of what had occurred before the Patent Office sufficiently sullies the appellant's hands to preclude relief from a court of equity.

■ The misrepresentation in the complaint that Judge Timbers felt was designed to deceive and mislead the court was simply the allegation that the Patent Office "refused to permit plaintiff to introduce testimony in support of the allegations set forth in its Notice of Opposition." This interpretation of the rulings of the Patent Office, although erroneous, is not so plainly made in bad faith as to call for the use of the unclean hands maxim.

■ Nor do we rest our affirmance on Judge Timbers' first ground, for we would not find appellant barred from presenting evidence before the District Court under the circumstances here. In any case, it is unnecessary to reach these issues here, for we uphold the judgment on the second ground. The showing which appellant attempted to make falls far short of that necessary on motion for summary judgment to meet appellee's case, and the judgment entered was required.

■ The civil action before the District Court is intended to be a trial *de novo,* though the decision of the Patent Office must be accepted as controlling on issues of fact unless the contrary is established by testimony which in character and amount carries thorough conviction. United States v. Szuecs, 100 U.S. App.D.C., 24, 240 F.2d 886 (D.C.Cir. 1957). The dissatisfied party must be afforded the opportunity to elicit and introduce additional evidence, and the court cannot freeze the record on the proceedings before the Board. Royal Crown Cola Co. v. Crown Beverage Corp., 195 F. Supp. 130 (E.D.N.Y.1961); R. J. Moran Co. v. Seeck & Kade, 91 F.Supp. 188, 190 (S.D.N.Y.1950).

■■ However, a party cannot raise an issue in the District Court that he has not raised in the Patent Office. Gold Seal Co. v. Weeks, 129 F.Supp. 928, 937 (D. D.C.1955), aff'd S. C. Johnson & Son, Inc. v. Gold Seal Co., 97 U.S.App.D.C. 282, 230 F.2d 832 (D.C.Cir.), cert. denied 352 U.S. 829, 77 S.Ct. 41, 1 L.Ed.2d 50 (1956). Since the issue of descriptiveness was not raised by the pleadings before the Patent Office, the appellant is not entitled to contest it before the District Court.

■ But prior use and the likelihood of confusion were raised. Simply because no evidence was introduced to support the contention does not mean that the contention was not considered on the merits by the Patent Office. Appellant has standing to bring this action if he is a proper party to an opposition proceeding. In order successfully to oppose a registration, one must show that he will be injured by the registration of the mark. Touraine Co. v. F. B. Washburn & Co., 52 App.D.C. 356, 286 F. 1020 (D. C.Cir.1923); Nims, 2 Unfair Competition and Trademarks 794 (4th ed. 1947). In order for a party to be damaged, it must appear that the marks are confusingly similar and that the goods of the opposer and registrant had the same descriptive properties. Mishawaka Rubber & Woolen Mfg. Co. v. Bradstone R. Co., 109 F.2d 219, 27 CCPA 888 (CCPA 1940). While it would appear that the appellant's goods—stationery binders— and the appellee's goods—woven and

welded wire products—are so dissimilar that there is little chance of the consumer becoming confused, the Trial and Appeal Board decided that there was a genuine factual dispute on this question, and that it could not be resolved on summary judgment, but dismissed the opposition on the merits after the time set for presenting evidence expired. The appellant's affidavit by Jack Linsky, its president, on the motions for summary judgment in the District Court, however, fails to state that the goods have the same descriptive properties. It says only that this is a factual issue which must be determined at trial. On the other hand, appellee's affidavit is positive that these goods are sold in different stores and there is not the slightest chance of the public confusing a stationery binder with its wire fabrics. On this state of facts, we must affirm the summary judgment for the appellee. No genuine factual issue survives appellee's showing. Mere conclusory affidavits that an issue exists no longer suffice to defeat well grounded motions for summary judgment. See the recent discussion of summary judgment by Judge Kaufman in Dressler v. M. V. Sandpiper, etc., 2 Cir., 331 F.2d 130.

The summary judgment dismissing the action is affirmed.