**TETER, INC., Plaintiff-Appellant,**

v.

**RHEEM MANUFACTURING COMPANY, Defendant-Appellee.**

**No. 14443.**

United States Court of Appeals
Seventh Circuit.
July 28, 1964.

Before KNOCH, KILEY and SWYGERT, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiff-appellant, Teter, Inc., hereinafter called "Teter," brought this action to review the Patent Office's cancellation of Teter's Registration No. 658,068 for the trademark "IMPERIAL" which is claimed by both parties, both of whom sell water heaters. The District Court affirmed the Patent Office decision and this appeal ensued.

George Teter, president of Teter, testified that in the early spring of 1945, when he was a partner in Continental Engineering Co., hereinafter called "Continental," engaged in fabrication of sheet metal accessories, he began to design water heaters. He checked the Domestic Engineering Directory, a "bible" in the plumbing trade, and found no prior user of IMPERIAL. He testified to a pilot run of 25 to 30 IMPERIAL water heaters by Continental in 1945 or 1946, after which he formed the Tetco Metal Products, Inc., incorporated April 30, 1946, to continue the water heater business of Continental.

On March 1, 1951, Teter was formed to sell the heaters made by Tetco Metal Products, Inc., and the trademark was assigned to Teter. All three companies operate on the same premises and are dominated by George Teter.

When Mr. Teter testified that the trademark was used on the original heaters sold by Continental, he stated that he had decals made, but that the early heaters did not have the name on them.

"We called them 'Imperial', but I know that we didn't get the—we didn't have some of the first ones. I don't recall that they even had a name on them, even though they were 'Imperial'.

"The Court: That is nobody knew they were 'Imperial' but you.

"The Witness: And the agent that was selling them, and they were billed and invoiced as 'Imperial'."

ames R. McKnight, Chicago, Ill., for appellant.

Richard E. Alexander, Chicago, Ill., Harris Zimmerman, Oakland, Cal., Dawson, Tilton, Fallon, Lungmus & Alexander, Gardner & Zimmerman, Chicago, Ill., of counsel, for appellee.

In 1956 Teter's attorney made a search prior to registering the trademark and found a registration of IMPERIAL on water heaters by Seidelhuber Iron and Bronze Works, Inc., hereinafter called "Seidelhuber," dated February 10, 1953, and claiming use since February 1, 1947.

In the belief that Seidelhuber had dropped use of IMPERIAL, Teter filed its application for registration which was rejected. Teter then filed a proceeding in the Patent Office to cancel Seidelhuber's registration of IMPERIAL as abandoned. When Seidelhuber failed to respond to notice of the cancellation proceeding, its registration was cancelled on September 27, 1957. Teter's registration issued February 4, 1958.

Meanwhile, on August 19, 1957, defendant-appellee, Rheem Manufacturing Company, hereinafter called "Rheem," had filed for record in the Patent Office an assignment of Seidelhuber's registration acquired June 30, 1953. Rheem was not a purchaser subsequent, but prior to the cancellation, at a time when Seidelhuber still possessed all its common law and statutory rights to IMPERIAL, and Rheem recorded its assignment prior to the cancellation.

On September 23, 1958, Rheem filed a petition to cancel Teter's registration which was granted. This was the decision of the Patent Office which was reviewed and affirmed by the District Court.

Teter contends that the testimony of George Teter established that Teter was the prior user of the trademark IMPERIAL on water heaters. The Trial Judge, however, noted that this contention was based solely on the recollection of George Teter with no documentation or corroborative supporting evidence to show that Teter or its predecessors had used the designation IMPERIAL as a trademark prior to mid or late 1947.

The issue of credibility was a matter for determination by the Patent Office and the Trial Judge in the first instance. We will disregard their findings only if we find them clearly errone-ous. Federal Rules of Civil Procedure, Rule 52(a). Much of the testimony was presented in the form of depositions, and, as Teter reminds us, we are thus in as good a position as the Trial Judge to evaluate the honesty of the witnesses. There are some conflicts in Mr. Teter's testimony which was based solely on his personal memory of events occurring many years ago. The earliest document in support of his recollection as to dates was a copy of an invoice dated July 12, 1947, for decalcomanias, which would support an intent to use the mark as of that date, but which does not, as contended, support any earlier use. No other witness was presented to corroborate Mr. Teter's recollection of the original date of use.

On the other hand, testimony to Seidelhuber's first use was supported by such documents as warranty cards, signed and returned by purchasers, maintained in the normal course of business, bearing purchase dates as early as May, 1946.

Although Rheem was not advised of the proceedings until long after cancellation, Teter argues that Rheem is bound by the cancellation as to all matters which could have been brought out in that proceeding by Seidelhuber, or its assignee, concerning prior use by Seidelhuber.

The District Court trying the matter de novo, jurisdiction being founded under 35 U.S.C. §146 and 15 U.S.C. § 1071, found that Seidelhuber adopted and began using the trademark IMPERIAL for water heaters in early May, 1946, and continued to promote and advertise its IMPERIAL water heaters through various media, until the sale of all its plant facilities and assignment of its trademark to Rheem in June, 1953, after which Rheem sold more than 425,000 heaters bearing the IMPERIAL mark and expended huge sums in promotion and advertising.

The District Court concluded as a matter of law that:

"There was no legal requirement for defendant to record its assign-

ment from Seidelhuber except as to be protected against a subsequent bona fide purchaser from Seidelhuber, and plaintiff is not nor does it contend that it is such a purchaser."

Title 15 U.S.C. § 1060 provides:

"An assignment shall be void as against any subsequent purchaser for a valuable consideration without notice, unless it is recorded in the Patent Office within three months after the date thereof or prior to such subsequent purchase."

thus permitting but not requiring recordation.

We have given careful study to all points made and authorities cited by Teter, but find them lacking in merit.

The judgment of the District Court is affirmed.

Affirmed.