The **FLEETWOOD COMPANY**,
Plaintiff-Appellant,

v.

**HAZEL BISHOP, INC.**, Defendant-
Appellee.

No. 15053.

United States Court of Appeals
Seventh Circuit.

Nov. 9, 1965.

James R. McKnight, Chicago, Ill., for appellant.

Warren D. McPhee, Chicago, Ill., M. Hudson Rathburn, Chicago, Ill., Mason, Kolehmainen, Rathburn & Wyss, Chicago, Ill., of counsel, for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and SWYGERT, Circuit Judges.

HASTINGS, Chief Judge.

In 1958, Hazel Bishop, Inc., defendant-appellee, applied for registration of its trademark TINTSTIK for a hair coloring preparation in stick form. The Fleetwood Company, plaintiff-appellant, filed an opposition proceeding in the Patent Office against the application for such registration, basing its opposition on Fleetwood's prior use and registration of TINTZ for hair coloring preparations and Fleetwood's purported prior use of TINTZ STICK for hair coloring touchup pencil.

The Patent Office Trademark Trial and Appeal Board, one member dissenting, found that Fleetwood had not shown a use of TINTZ STICK prior to Bishop's use of TINTSTIK and that there was no likelihood of confusion in the use of Bishop's trademark TINTSTIK with Fleetwood's concededly prior use of the trademark TINTZ. The Patent Office Board dismissed Fleetwood's opposition proceeding.

Fleetwood filed an action in the district court against Bishop for a trial *de novo* to review the ruling of the Patent Office Board, pursuant to 35 U.S.C.A. § 146 and 15 U.S.C.A. § 1071. After a trial, the district court found for Bishop and against Fleetwood, in effect affirming Bishop's registration of its trademark TINTSTIK, and entered judgment dismissing Fleetwood's action for review. Fleetwood appealed the judgment of dismissal.

The burden of Fleetwood's contention on this appeal may be summarized in the following manner. It has used and advertised its trademark TINTZ on hair preparations for over 25 years prior to Bishop's application in 1958. It has sold millions of dollars worth of TINTZ hair preparations throughout the country with a result that dealers recognize them as those of Fleetwood. It claims that *new evidence* before the district court established that it had also used TINTZ STICK in its advertisements as early as 1939. It asserts that when Bishop filed its application in 1958 for TINTSTIK, it knew of Fleetwood's prior TINTZ hair preparations on the market. It argues that when hair preparations are sold over the same counters in quick sales at low prices, TINTSTIK is so similar in sound to its TINTZ STICK and TINTZ that there is likelihood of confusion and Bishop's registration of TINTSTIK should be denied.

The district court entered findings of fact and stated its conclusions of law, based on the record before it. Rather than attempt to summarize such findings, we set out the following relevant and material facts as found by the trial court:

"8. Plaintiff is the owner of the trademark TINTZ for hair coloring preparations and Registrations No. 319,402 of November 20, 1934 (renewed on the Supplemental Register) and No. 511,302 of June 21, 1949 on the Principal Register.

"9.   Plaintiff and its predecessors have used the trademark TINTZ on and in connection with hair coloring preparations since 1933 and have sold and advertised said products throughout the United States with nine million dollars in sales of TINTZ products and four million dollars in advertising the same.

"10.   Plaintiff's trademark TINTZ for hair coloring preparations embodies the descriptive word "tint" and is a phonetic spelling of the word "tints".

"11.   There are many other trademarks for hair coloring preparations which embody the words "tint" or "tints", such as the following:

| TRADEMARK | REG. NO. | GOODS |
|-----------|----------|-------|
| TINT'N'GLINT | 586,307 | Hair rinses |
| TINTAIR | 587,488 | Home hair coloring |
| BEAUTY-TINT | 609,275 | Hair dyes and hair tints |
| CURLTINT | 623,753 | Preparation for curling and tinting the hair |
| SPRAYTINT | 623,754 | Preparation for tinting the hair |
| EASYTINT | 628,415 | Preparation for coloring the hair |
| TINTABIT | 629,700 | Shampoo tints |
| SPEED-A-TINT | 630,601 | Hair dyes and hair tints |
| COLORTINT | 641,527 | Hair tints |
| TINT-PERM | 655,083 | Hair waving lotion |
| HARPERTINT | 665,180 | Oil shampoo tint |
| TINT 'N SET | 666,419 | Hair coloring compound |

"12.   The only element of similarity in Plaintiff's mark TINTZ and Defendant's mark TINTSTIK is the descriptive word "tint".

"13.   Plaintiff has submitted no evidence other than that introduced in the Patent Office which would tend to show that Defendant's trademark TINTSTIK is likely to cause confusion, mistake or deception with respect to Plaintiff's trademark TINTZ.

"14.   Plaintiff's earliest records of advertising of its TINTZ STICK product are in March, 1958, subsequent to the filing of Defendant's trademark application Serial No. 46,297 on February 21, 1958.

"15.   Plaintiff's earliest records relating to the printing of its TINTZ STICK label are also in March, 1958.

"16.   Plaintiff's evidence of an alleged early use of TINTZ STICK is based solely on the vague recollections of its employees Bidwell and McMahon, without any documentation in support thereof.

"17.   The testimony of George F. Atkin, Plaintiff's former director of sales during the period in question, rebuts the recollection testimony of Messrs. Bidwell and McMahon on all material points.

"18.   Plaintiff's Exhibits 7, 8, 9, 10 and 11 in the form of advertisements in the period from 1939 to 1950 do not bear the trademark TINTZ STICK.

"19.   Plaintiff's Exhibits 7, 8, 9, 10 and 11 show only the trademark TINTZ followed by the descriptive name of the goods, namely "Jet Black Hair Color Stick", "Hair Color Stick" and "Touch-up Pencil".

"20.   Plaintiff adopted the mark TINTZ STICK after it had learned of Defendant's mark TINTSTIK and had seen the TINTSTIK product on the market."

Among the conclusions of law stated by the district court are the following:

"2. Plaintiff has the burden of establishing, by evidence which in character and amount carries thorough conviction, that the Trademark Trial and Appeal Board was in error in dismissing Plaintiff's opposition.

"3. On the issue of likelihood of confusion of TINTSTIK with TINTZ, plaintiff has submitted no evidence which might indicate the Board was in error.

"4. Plaintiff's trademark TINTZ is a weak mark for hair coloring preparations in that it contains the descriptive word "tint" and cannot be given wide application.

"5. Trademarks will not ordinarily be found to be confusingly similar on the basis of a single word included in each of them which is of a descriptive nature.

"6. Defendant's Trademark TINTSTIK for hair coloring preparation in stick form is not likely to be confused with Plaintiff's trademark TINTZ for hair coloring products.

"7. Plaintiff's new evidence does not show trademark usage of TINTZ STICK but only of TINTZ.

"8. Plaintiff has failed to establish that it adopted and used TINTZ STICK prior to the filing of the Defendant's application to register TINTSTIK on February 21, 1958. On the contrary, the evidence indicates that Plaintiff adopted TINTZ STICK only after it had seen Defendant's TINTSTIK product on sale.

"9. Defendant is entitled to register its trademark TINTSTIK and Plaintiff's opposition should be dismissed with an award of costs to the Defendant."

■ It is well established that findings of fact are not to be set aside unless clearly erroneous. Federal Rules of Civil Procedure, rule 52(a), 28 U.S.C.A.

■ It is likewise well settled that in an action to review a decision of the Patent Office Trademark Trial and Appeal Board, that decision must be accepted as controlling upon a finding of fact about confusing similarity of trademarks, unless the contrary is established by testimony which in character and amount carries thorough conviction. Morgan v. Daniels, 153 U.S. 120, 125, 14 S.Ct. 772, 38 L.Ed. 657 (1894); Watkins Products, Inc. v. Sunway Fruit Products, Inc., 7 Cir., 311 F.2d 496, 498 (1962); Esso Standard Oil Company v. Sun Oil Company, 97 U.S.App.D.C. 154, 229 F.2d 37, 40 (1956).

Indeed, as Chief Judge Duffy, speaking for the court in Watkins Products, said at 311 F.2d at 498: "The role of the District Court is different in this kind of proceeding than in a case where a suit involving the validity of a trademark is originally commenced in the District Court."

■ The scope of our review of a district court's findings of fact in trademark and other actions is limited to a determination of whether such findings are clearly erroneous. Teter, Inc. v. Rheem Manufacturing Company, 7 Cir., 334 F.2d 784, 786 (1964); Armour & Co. v. Wilson & Co., 7 Cir., 274 F.2d 143, 156 (1960).

■ The likelihood of consumer confusion between trade-marks is a question of fact. G. D. Searle & Co. v. Chas. Pfizer & Co., 7 Cir., 231 F.2d 316, 318 (1956).

It follows that under the foregoing guidelines the findings of the Patent Office Board and the district court are entitled to proper respect.

■ The confusing similarity which Fleetwood claims exists in the marks under the consideration depends upon the presence in each of the marks of the descriptive word "tint". Ordinarily, trademarks will not be found to be confusingly similar on the basis of a descriptive word or symbol included in them. Lauritzen & Company v. Borden Company, 7 Cir.,

239 F.2d 405, 407, 44 CCPA 720 (1956), and cases cited there.[1]

█ We have carefully examined the record, including the exhibits, before the district court, as well as the Patent Office Decision reported at 132 U.S.P.Q. 301. We are compelled to conclude that the record warrants and fully supports the findings of the district court, and that such findings are not clearly erroneous. Our consideration of the authorities cited leads us to the determination that the district court applied correct legal criteria to such findings in reaching its ultimate conclusions of law.

The judgment of the district court is affirmed.

Affirmed.

1. In Fleetwood Company v. Mende, 298 F. 2d 797, 49 CCPA 907 (1962), the United States Court of Customs and Patent Appeals reviewed a decision of the Patent Office Board dismissing a petition by Fleetwood for cancellation of the mark TINT'N SET, and held that there was no likelihood of confusion or mistake between that mark and Fleetwood's prior registered mark, TINTZ, for similar products sold in the same channels of trade.