**ANGLO FABRICS COMPANY, Inc.,**
**Plaintiff,**

v.

**FABRIKEN ANGLOMAC A/S, Defendant.**

**Civ. A. No. 2727-65.**

United States District Court
District of Columbia.

April 2, 1968.

Donald L. Dennison, Washington, D. C. (local counsel).

William R. Liberman, New York, New York, for plaintiff.

Russell L. Law, Washington, D. C., for defendant.

## MEMORANDUM OPINION

GESELL, District Judge.

This is a suit to set aside dismissal by the Trademark Trial and Appeal Board of plaintiff's opposition to defendant's application for registration of a trademark.

Suit was brought under 15 U.S.C. §§ 1071, 1119 and 1121 (1964). The action has many of the features of a trial *de novo* and the Court has considered both the Patent Office record and additional evidence introduced at trial. Wilson Jones Co. v. Gilbert & Bennett Mfg. Co., 332 F.2d 216, 218 (2d Cir., 1964).

Plaintiff-opposer is the owner of two United States Patent Office registrations of the trademark "ANGLO" as applied to piece goods usable for ladies' coats. These registrations appear on the principal register established by the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 et seq. (1964).[1]

Defendant-applicant seeks to register a composite mark consisting of the word "ANGLOMAC" in association with a representation of a female wearing a coat. The trademark is to apply to ladies' coats and wind jackets. Defendant has shown no actual use of its mark. Plaintiff's registrations, use and advertising of the mark "ANGLO" predate defendant's filing date of June 25, 1962.[2]

On September 28, 1965, the Trademark Trial and Appeal Board dismissed plaintiff's opposition to the registration of defendant's mark.

The Board found that no distinction could be drawn between the goods to which "ANGLOMAC" would be applied and those to which plaintiff's marks were being applied. However, the Board found that "ANGLO", being the equivalent of the word "British", had a geographically descriptive connotation and was, therefore, subject to a limited scope of protection as a trademark.

In support of its finding that "ANGLO" lacked distinctiveness, the Board relied on seven third-party registrations of marks containing the term "ANGLO" as applied to clothing or piece goods. No use of these marks was shown. The Board found the most pertinent to be "ANGLOCRAFT" and "ANGLOBREEZE", both of which contained a disclaimer of the word "ANGLO" and both of which appear on the principal register prior to plaintiff's registrations.

The Board concluded:

"It cannot be denied that the term 'ANGLO' has a geographically descriptive connotation as applied to piece goods and articles of clothing, and considering the adoption thereof by others as a component of their trademarks, it is our opinion that applicant's composite mark differs sufficiently from each of opposer's marks as to obviate a likelihood of confusion, mistake, or deception. See: Milwaukee Nut Co. v. Brewster, 125 U.S.P.Q. 399 (C.C.P.A., 1960); Murray Corp. of America v. Red Spot, 126 U.S.P.Q. 390 (C.C.P.A., 1960); Servo Corp. of America v. Servo-Tex, 129 U.S.P.Q. 352 (C.C.P.A., 1961); and Cooperative Quality v. Dean Mills, 136 U.S.P.Q. 644 (C.C.P.A., 1963)."

The plaintiff's opposition was dismissed.

Plaintiff argues that the Board erred in according "ANGLO" a limited scope of protection in disregard of 15 U.S.C. §§ 1057(b), 1115(b) (1964), the holding in Contour Chair-Lounge Co. v. Englander Co., 324 F.2d 186, 51 CCPA 833 (1963), and evidence which proves that the trade and members of the buying public know

[1]. The registrations are No. 636,015, granted October 16, 1956, and No. 689,163, granted December 1, 1959. In addition, plaintiff has long made use of the terms "ANGLO FABRICS" and "AN ANGLO FABRIC" and is the owner of registrations in the United States Patent Office for "ANGLO-LOOMED" and "ANGLOSPUN".

[2]. Defendant's application bears the Serial No. 147,534.

that the word "ANGLO", as applied to piece goods used to make ladies' coats, means that the plaintiff is the source of the goods. Plaintiff alleges that the Board erred in relying on third-party registrations, no use of which was ever shown, as evidence of a lack of distinctiveness and as support for the proposition that "ANGLO" was geographically descriptive. Plaintiff claims that these errors ·necessarily resulted in an erroneous decision with respect to the central issue before the Board: the likelihood of confusion, mistake or deception as between "ANGLO" and "ANGLOMAC". 15 U.S.C. § 1052(d) (1964).

■ Defendant argues that the Board's decision was correct in every respect and that the Court is bound by the rule, born of Morgan v. Daniels, 153 U.S. 120, 124, 14 S.Ct. 772, 38 L.Ed. 657 (1894), that:

"In patent and trademark cases * * * a finding of fact by the Patent Office as to * * * confusing similarity of marks must be accepted as controlling, unless the contrary is established by evidence 'which in character and amount carries thorough conviction'." Esso Standard Oil Co. v. Sun Oil Co., 97 U.S.App.D.C. 154, 157, 229 F.2d 37, 40 (1956), cert. denied, 351 U.S. 973, 76 S.Ct. 1027, 100 L.Ed. 1491 (1956).

The rule of Morgan v. Daniels has met with widespread acceptance. Aloe Creme Laboratories, Inc. v. Texas Pharmacal Co., 335 F.2d 72 (5th Cir., 1964); Radio Corp. of America v. International Standard Electric Corp., 232 F.2d 726 (3rd Cir., 1956); Fleetwood Co. v. Hazel Bishop, Inc., 352 F.2d 841 (7th Cir., 1965). However, the rule cannot be taken to mean that where the Board errs in according an opposer's mark a limited scope of protection, the resulting deci-

sion with respect to the issue of confusing similarity is binding on a court unless the opposer presents thoroughly convincing evidence of actual confusion, mistake or deception. Such an interpretation would automatically result in affirmance of the Board's action in a case such as this where there has been no use of the applicant's mark.

■ The weaker an opposer's mark, the more limited the protection available. The stronger the mark, the greater the protection against similar marks. Callmann, Trademarks, Vol. 3, p. 1505 (2d ed., 1950). To increase the scope of protection accorded "ANGLO" is to increase, as a matter of law, the likelihood of confusion, mistake or deception. Therefore, if the Board erred with respect to the strength of "ANGLO" as a trademark, then the legal foundations supporting the Board's decision as to confusing similarity necessarily collapse and the Court must make an independent determination of that issue, unfettered by illogical extensions of the rule of Morgan v. Daniels.[3]

Section 7(b) of the Lanham Trademark Act of 1946, 15 U.S.C. § 1057(b) (1964), and the *Contour* case, supra, support the proposition that an opposer's mark which appears on the principal register is valid and cannot be held to be totally lacking in trademark significance unless the applicant seeks cancellation. However, the *Contour* case does not hold that opposer's marks may not be accorded varying degrees of protection commensurate with their strength and distinctiveness as shown by the proof.

■ In this case, plaintiff's "ANGLO"-marked fabrics have been widely advertised in such national consumer publications as "Harper's Bazaar" and "Vogue" and in trade publications such as "Women's Wear Daily". Both adver-

---

**3.** This reasoning also applies in the case where, strictly speaking, the Board did not err on the evidence before it. When new evidence is later introduced in a court proceeding and such evidence compels the conclusion that an opposer's

mark should not be given a limited scope of protection, the court should not be bound by the rule of Morgan v. Daniels in dealing with the question of confusing similarity.

tisements featuring the "ANGLO" mark and a great deal of favorable editorial comment have appeared in many newspapers throughout the country. Plaintiff's sales under the "ANGLO" mark exceed ten million dollars a year and more than $250,000 is spent each year in advertising the mark. Accordingly, the Court has found that the public considers the word "ANGLO", as applied to piece goods used to make ladies' coats, to mean that the plaintiff is the source or origin of the goods.

■ Such a finding accords "ANGLO" a secondary meaning and necessarily prohibits a finding that the mark has a geographically descriptive connotation. The mark may have initially been geographic, but the plaintiff's efforts and successes with the mark have made it distinctive, and to accord it a limited scope of protection at this point does not square with the realties of the commercial world.

■ The Trademark Trial and Appeal Board erred in relying on third-party registrations, no use of which was shown, as evidence that "ANGLO" lacks distinctiveness. Such registrations are not admissible when the opposer's mark has achieved a secondary meaning. Shoe Corp. of America v. Juvenile Shoe Corp. of America, 266 F.2d 793, 796, 46 CCPA 868 (1959); National Motor Bearing Co., Inc. v. James-Pond-Clark, 266 F.2d 799, 803, 46 CCPA 877 (1959).

The Board's decision with respect to the central issue of confusing similarity was a direct outgrowth of its failure to accord "ANGLO" sufficient strength as a trademark. None of the decisions cited by the Board involves an opposer's mark which had achieved secondary meaning. Each of the opposers' marks was held to have weak trademark significance and the cases are, therefore, of no assistance to the Court in making an independent determination on the issue of confusing similarity.

■ Three considerations are relevant to the issue of whether marks are con-fusingly similar: appearance, meaning and sound. Esso Standard Oil Co. v. Sun Oil Co., 97 U.S.App.D.C. 154, 157, 229 F. 2d 37, 40 (1956), cert. denied, 351 U.S. 973, 76 S.Ct. 1027, 100 L.Ed. 1491 (1956). Third-party registrations of marks not in use are not admissible as bearing on this question. Application of Helene Curtis Industries, Inc., 305 F.2d 492, 494, 49 CCPA 1367 (1962).

■ There is a likelihood of confusing similarity of appearance as between "ANGLO" and the composite mark "ANGLOMAC". The design element in "ANGLOMAC" merely shows a woman wearing the type of goods to which the mark was to be applied. The Court is of the opinion that the design element lacks distinctiveness and that "ANGLO" is the dominant feature of "ANGLOMAC". Callman, Law of Unfair Competition and Trade-Marks, Vol. 3, p. 1435 (2d ed., 1950).

There is a likelihood of confusion as to meaning. "ANGLO" means the plaintiff, and the addition of "MAC", which presumably is an abbreviation of the noun "mackintosh", adds nothing of significance. Callman, p. 1415.

Finally, there is a likelihood of confusion, mistake or deception in that "ANGLOMAC" sounds very much like "ANGLO". Callman, p. 1405.

For these reasons, the Court holds that the defendant is not entitled to registration of "ANGLOMAC". Plaintiff has a valuable property right in "ANGLO" which it has built up by hard work over a number of years. Section 2(d) of the Lanham Trademark Act, 15 U.S.C. § 1052(d) (1964), is designed to protect just such a right. Application of Helene Curtis Industries, Inc., 305 F.2d 492, 493, 49 CCPA 1367 (1962).

Judgment for the plaintiff. This Memorandum Opinion shall constitute the Court's findings of fact and conclusions of law in accordance with rule 52, Federal Rules of Civil Procedure. Counsel to submit an appropriate order within one week hereof.