Keith B. WILLHELM,
Plaintiff–Appellant,

v.

EASTERN AIRLINES, INC., and
Discover Card Services, Inc.,
Defendants–Appellees.

No. 90–1789.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 29, 1990.
Decided March 15, 1991.

Keith B. Willhelm, Leydig, Voit & Mayer, Chicago, Ill., for plaintiff-appellant.

Kenneth K. Dort, Jeffrey B. Lieberman, Schuyler, Roche & Zwirner, Chicago, Ill., for defendants-appellees.

Before CUDAHY, RIPPLE, and MANION, Circuit Judges.

RIPPLE, Circuit Judge.

Keith B. Willhelm brought this suit against Eastern Airlines, Inc. (Eastern) and Discover Card Services, Inc. (Discover). The district court dismissed the claims against Eastern without prejudice because Eastern filed for bankruptcy; the claims against Discover were dismissed with prejudice. Mr. Willhelm appealed. For the following reasons, we hold that we lack jurisdiction to consider the merits of this appeal.

## I

### BACKGROUND

On January 11, 1989, Mr. Willhelm attempted to use a round-trip airline ticket obtained through Eastern's frequent flier travel award program. Agents at Eastern's ticket window informed Mr. Willhelm that his ticket was subject to non-waivable flight restrictions and could not be redeemed on that day. Mr. Willhelm then used his Discover credit card to purchase a ticket.

When Mr. Willhelm returned from his trip, he filed a five-count complaint against Eastern and Discover. The counts directed against Eastern alleged that it had enforced date restrictions in a discriminatory manner and that it had fraudulently misrepresented restrictions on the frequent flier travel award. Mr. Willhelm also alleged that Discover committed unlawful credit card billing practices by acting as Eastern's agent in collecting the cost of his ticket. One count sought declaratory relief against both Discover and Eastern.

On March 9, 1990, Eastern filed a Certificate of Commencement of Bankruptcy proceedings pursuant to Chapter 11 of the federal bankruptcy code. The district court held that the automatic stay, 11 U.S.C. § 362, prohibited the commencement or continuation of a judicial proceeding against Eastern. Mem. op. at 2. Therefore, the district court dismissed Mr. Willhelm's claims against Eastern without prejudice and stated that Mr. Willhelm could either "file his claim in the Eastern bankruptcy proceeding or move to have the stay as to his claim lifted by the bankruptcy court. If the stay is lifted, plaintiff may reopen this case on notice and motion to Eastern." *Id.* at 5. The district court granted Discover's motion to dismiss for failure to state a claim; the claims against Discover were dismissed with prejudice.

## II

### ANALYSIS

■ Neither party to this appeal contested our jurisdiction over this case. However, as a threshold matter, we must independently determine whether the district court has entered a final, appealable order sufficient to confer jurisdiction upon this court. *See Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 178, 108 S.Ct. 1704, 1708, 100 L.Ed.2d 158 (1988); *Principal Mut. Life Ins. v. Cincinnati TV 64 Ltd.*, 845 F.2d 674, 675–76 (7th Cir.1988). The requirement of finality is a statutory mandate, not a rule of discretion. *See* 28 U.S.C. § 1291.

■ We have jurisdiction over this appeal only if the district court has terminated the litigation in its entirety; mere dismissal of the complaint is insufficient. *Principal Mut. Life Ins.*, 845 F.2d at 676; *Bieneman v. City of Chicago*, 838 F.2d 962, 963 (7th Cir.1988); *Benjamin v. United States*, 833 F.2d 669, 671 (7th Cir.1987). An order dismissing a complaint, standing alone, is not final because a plaintiff may file an amended complaint, thus resurrecting the lawsuit. *See Principal Mut. Life Ins.*, 845 F.2d at 676; *Smith–Bey v. Hospital Adm'r*, 841 F.2d 751, 755 (7th Cir.1988). "[T]he simple dismissal of a complaint does not terminate the litigation. In contrast, a dismissal of the entire action ends the litigation." *Benjamin*, 833 F.2d at 671.[1]

■ In this case, there is no final judgment. Although the claims against Discover were dismissed with prejudice, the district court expressly noted that Mr. Willhelm "may reopen [his] case" against Eastern if the bankruptcy court lifts the automatic stay. Mem. op. at 5. Because the

---

1. We have recognized that, under "special circumstances," dismissal of the complaint could constitute finality. *Principal Mut. Life Ins.*, 845 F.2d at 676; *Akins v. Board of Governors*, 840 F.2d 1371, 1375 n. 2 (7th Cir.), *vacated on other grounds*, 488 U.S. 920, 109 S.Ct. 299, 102 L.Ed.2d 319 (1988). This exception applies when "it is 'clear' that the court below found that 'the action could not be saved by any amendment of the complaint which the plaintiff could reasonably be expected to make.'" *California v. Harvier*, 700 F.2d 1217, 1218 (9th Cir.) (quoting *Marshall v. Sawyer*, 301 F.2d 639, 643 (9th Cir. 1962)), *cert. denied*, 464 U.S. 820, 104 S.Ct. 82, 78 L.Ed.2d 92 (1983).

district court did not (and, due to the operation of the automatic stay, could not) [2] dismiss the *entire* action, it is possible for Mr. Willhelm to resurrect his lawsuit. This possibility destroys finality.

In *Robison v. Canterbury Village, Inc.*, 848 F.2d 424, 426 (3rd Cir.1988), the district court dismissed both the plaintiff's claim and the defendants' counterclaim. While the plaintiff's appeal was pending, one defendant advised the appellate court that it had filed for bankruptcy under Chapter 11 between the filing of the complaint and the district court's dismissal of the action. On remand, the district court vacated its order of dismissal of the bankrupt defendant but otherwise retained its prior decision. *Id.* The plaintiff's motion for certification of the district court's order pursuant to Federal Rule of Civil Procedure 54(b) was granted by the district court, and the plaintiff appealed. The Third Circuit held that "[t]he court's Rule 54(b) certification, issued at [the plaintiff's] request, made the order appealable." *Id.*

We believe that the Third Circuit's reasoning is sound and that a Rule 54(b) certification is necessary to confer jurisdiction on an appellate court under the circumstances of this case. The concerns underlying our distinction between dismissal of a complaint and dismissal of an entire action are present here. If Mr. Willhelm were to prove successful in lifting the automatic stay's prohibition from any judicial proceeding against Eastern, the district court expressly stated that it would entertain Mr. Willhelm's claims against Eastern. Thus, fewer than all of Mr. Willhelm's claims have been finally determined by the district court.

The language of Rule 54(b) [3] and our cases [4] make clear that a partial final judgment is not appealable under Rule 54(b) absent an express determination that there is no just reason for delay. The district court made no such express determination, and, therefore, its order was not an adequate Rule 54(b) certification. Even if the district court intended to enter a partial final judgment pursuant to Rule 54(b), "that intention is irrelevant absent the express determination." *Principal Mut. Life Ins.*, 845 F.2d at 677. Because fewer than all of Mr. Willhelm's claims have been finally determined by the district court and because the district court did not expressly make a Rule 54(b) certification, we must conclude that we have no jurisdiction to consider the merits of this appeal.

### Conclusion

For the reasons stated above, the appeal is dismissed for want of jurisdiction.

DISMISSED FOR WANT OF JURISDICTION

---

**2.** In the words of the Third Circuit, "that is the inevitable result of the automatic stay." *Robison v. Canterbury Village, Inc.*, 848 F.2d 424, 426 (3d Cir.1988).

**3.** Rule 54(b) (emphasis supplied) provides, in pertinent part, that
> when multiple parties are involved, the court may *direct the entry of judgment* as to one or more but fewer than all of the claims only upon an *express determination* that there is not just reason for delay and upon an *express direction* for entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties.

**4.** *See Foremost Sales Promotions v. Director*, 812 F.2d 1044, 1046 (7th Cir.1987) (express findings required by Rule 54(b) "indispensable" to appellate jurisdiction when final judgment not rendered on all claims); *Glidden v. Chromalloy Am. Corp.*, 808 F.2d 621, 623 (7th Cir.1986) (same).