956 F.2d 269
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sandra M. KYNE, Plaintiff-Appellant,
v.
Eddie W. REDMON, an individual; John F. Roper, an
individual; Douglas F. Dabbs, an individual;
Homer E. Chance, an individual; Randy
E. Chance, an individual, Defendants,
Natchez Trace, Ltd, a Tennessee Limited Partnership; Touche
Ross & Company, a partnership; Woodland Square
Group, Ltd., a Tennessee Limited
Partnership, Defendants-Appellees.
 No. 92-5047.
 United States Court of Appeals, Sixth Circuit.
 Feb. 27, 1992.
 
 Before KEITH and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiff appeals an order granting summary judgment for the defendants in this securities fraud case. The defendant, Touche Ross & Company, now move to dismiss the appeal for lack of jurisdiction or, in the alternative, to stay the appeal pending final judgment in the district court. The plaintiff has filed a response in opposition.
 
 
 2
 Under 28 U.S.C. § 1291, courts of appeals have jurisdiction only over final decisions of the district court. A judgment is final if it leaves nothing remaining for the district court to do except execute final judgment. Catlin v. United States, 324 U.S. 229, 233 (1945). In the present case, the order being appealed grants summary judgment for some but not all of the defendants in the case. Under these circumstances, Rule 54(b), Fed.R.Civ.P., permits the district court to enter final judgment upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment. In the absence of such certification, there is no final judgment in terms of § 1291. William B. Tanner Co. v. United States, 575 F.2d 101, 102 (6th Cir.1978) (per curiam). See Willhelm v. Eastern Airlines, Inc., 927 F.2d 971 (7th Cir.1991).
 
 
 3
 It is therefore ORDERED that the defendant's motion to dismiss is granted. The motion for a stay is denied as moot. This order is without prejudice to the plaintiff's right to perfect a timely appeal in the event of proper Rule 54(b) certification by the district court.