993 F.2d 1549
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Stephanie L. GLASS, Plaintiff-Appellant,
v.
Officer Mark McNABNEY, Defendant-Appellee.
 No. 91-2602.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 12, 1993.*
Decided May 17, 1993.
 
 Before BAUER, Chief Judge, and CUMMINGS and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Appellant Stephanie Glass asserts, and appellee Mark McNabney agrees, that appellate jurisdiction exists over this appeal, in spite of no Rule 58 judgment, pursuant to the collateral order exception to 28 U.S.C. § 1291. See Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). The parties' agreement on jurisdiction, however, does not end the matter. We too must be satisfied of our jurisdiction. United States v. Smith, No. 92-2135, slip op. at 2 (7th Cir. April 19, 1993) (parties' consent cannot confer jurisdiction); Willhelm v. Eastern Airlines, Inc., 927 F.2d 971, 972 (7th Cir.1991) (court must independently review jurisdictional basis of appeal).
 
 
 2
 Glass's five count amended complaint against three defendants eventually was winnowed down to two counts (a section 1981 civil rights claim and state law battery claim) against one defendant (police officer McNabney). The case was tried to a jury, but the court directed a verdict in favor of McNabney on the federal claim and declared a mistrial on the state claim after the jury failed to return a verdict. To date, the battery claim has not been retried, and the district court refused to enter a partial judgment pursuant to Fed.R.Civ.P. 54(b).
 
 
 3
 "Cohen treats as 'final' some important decisions that are 'effectively unreviewable on appeal from a final judgment.' " Reise v. Bd. of Regents, 957 F.2d 293, 295 (7th Cir.1992), quoting Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 431 (1985). A directed verdict is readily reviewable after final decision. The enhanced costs of the litigation and attended inconvenience to the parties "is not the sort of 'unreviewability' that permits a Cohen appeal." Id. (citations omitted).
 
 
 4
 DISMISSED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record alone pursuant to Rule 34(f)