**TRIPPE MANUFACTURING COMPANY,**
Plaintiff–Appellant,

v.

**AMERICAN POWER CONVERSION CORPORATION, Defendant–Appellee.**

No. 94–2645.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 7, 1994.

Decided Jan. 25, 1995.

Irwin C. Alter (argued), Alter & Weiss, Chicago, IL, for plaintiff-appellant.

Richard G. Lione, Nicholas J. Valenziano, Jr., Willian, Brinks, Hofer, Gilson & Lione, Chicago, IL, Edward M. Prince (argued), Richard L. Kirkpatrick, and Kevin T. Kramer, Cushman, Darby & Cushman, Washington, DC, for defendant-appellee.

Before BAUER and KANNE, Circuit Judges, and SKINNER, District Judge.[*]

SKINNER, District Judge.

Trippe Manufacturing Company appeals the dismissal of both counts of its complaint against American Power Conversion Corporation.

Appellee American Power Conversion Corp. ("APC") is a Massachusetts corporation with its principal place of business in West Kingston, Rhode Island. It manufactures and markets uninterruptible power supply products under the registered trademarks BACK–UPS and SMART–UPS. Appellant Trippe Manufacturing Co. ("Trippe") is an Illinois corporation with its principal place of business in Chicago which also manufactures and markets uninterruptible power supply products.

On October 30, 1992, in response to a recent Trippe advertisement in a computer magazine, APC's Vice–President of Marketing, David Vieau, sent a letter to Trippe's Vice–President of Marketing, Keelin Wyman, accusing Trippe of infringing APC's BACK–UPS trademark. The letter requested that Trippe cease the alleged infringement. Wyman replied to APC that, "We feel there is no such danger of misunderstanding on the part of consumers, and no violation of a valid trademark, in our use of these phrases or words in the contexts where we have been using them." APC did not respond to Trippe's denial of infringement.

In April of 1993, Trippe filed a Petition for Cancellation of APC's BACK–UPS registered trademark, alleging in part the notice of infringement received from Vieau the previous October. APC's answer to Trippe's Petition for Cancellation admitted sending the notice of infringement but contained no further accusations of infringement against Trippe. APC's answers to Trippe's interrogatories in the cancellation proceedings likewise contained no renewed accusations of infringement. APC never filed a civil action for infringement of the BACK–UPS trademark against Trippe.

On December 15, 1993, Trippe filed its complaint against APC in the United States District Court for the Northern District of Illinois, seeking a declaratory judgment of non-infringement and the invalidity of APC's trademark BACK–UPS. Trippe also sought cancellation of the trademark.

On March 14, 1994, APC filed a complaint against Trippe in the United States District Court for the District of Rhode Island for infringement of APC's trademark SMART–UPS and moved for a preliminary injunction against Trippe using the SMART–UPS mark.

On March 25, Trippe filed its First Amended Complaint against APC in the Illinois District Court seeking a declaratory judgment for non-infringement and the invalidity

* Hon. Walter Jay Skinner, of the District of Massachusetts, sitting by designation.

of APC's trademarks, BACK–UPS (Count I) and SMART–UPS (Count II), and incidental damages.

On April 11, 1994 APC moved to dismiss Count I of the Amended Complaint, formally conceding that Trippe's use of the term BACK–UPS was "fair usage" and non-infringing, and to dismiss, transfer, or stay proceedings with respect to Count II. Four days later, Trippe filed a motion in the Rhode Island court to transfer APC's Rhode Island action to the Illinois District Court. On May 3, the Rhode Island court stayed the proceedings until such time as the Illinois court made a determination on APC's motion to dismiss.

On June 15, the Illinois court dismissed both counts of Trippe's Amended Complaint. The court dismissed Count I for lack of case or controversy, finding that "given APC's admissions in this lawsuit, none of the above referenced acts, either individually, or collectively, are sufficient to create a reasonable apprehension of an infringement suit." Count II was dismissed without prejudice in order to "discourage duplicative litigation." In the court's opinion the issue of venue should be litigated in Rhode Island. Trippe now appeals the Illinois District Court's dismissal. We affirm the judgment of the district court.

## I. FINALITY

■ APC argues that the district court's June 16, 1994 Amended Minute Order dismissing the entire case was not a final order for purposes of 28 U.S.C. § 1291. APC suggests that because Count II of the Amended Complaint was dismissed "without prejudice" and because Trippe's Motion to Transfer is currently pending in the Rhode Island District Court, a possibility exists that Trippe's claim may yet be heard in the Illinois District Court. APC relies on *Willhelm v. Eastern Airlines, Inc.*, 927 F.2d 971 (7th Cir.1991) in arguing that the possibility of a plaintiff resurrecting its claims destroys the finality required for appellate jurisdiction. In *Willhelm*, the district court dismissed the plaintiff's claims against Eastern Airlines without prejudice because the airline had filed for bankruptcy. This court found that "the dis-

trict court expressly noted that [the plaintiff] may reopen his case against Eastern if the bankruptcy court lifts the automatic stay," 927 F.2d at 972, and that the plaintiff could resurrect his lawsuit because the district court did not dismiss the entire action, just the complaint.

"We have jurisdiction over this appeal only if the district court has terminated the litigation in its entirety; mere dismissal of the complaint is insufficient." *Willhelm*, 927 F.2d at 972 (citations omitted). The relevant distinction is between an order dismissing a complaint and an order dismissing the entire action. The inquiry is not, as APC suggests, whether a dismissal is with prejudice or not. "[T]he simple dismissal of a complaint does not terminate the litigation. In contrast, a dismissal of the entire action ends the litigation." *Benjamin v. United States*, 833 F.2d 669, 671 (7th Cir.1987).

In *Benjamin*, this court held that the language of the district court's order was controlling. There, the district court had expressly ruled: "*Complaint is DISMISSED.*" *Id.* Since the language that the district court used in its judgment specified exactly what was dismissed, the complaint and only the complaint, the judgment was not appealable. In contrast, here the district court entered a Minute Order of June 16, 1994 amending the judgment to include: "[T]he action is dismissed *in its entirety nunc pro tunc* June 15, 1994." (Emphasis added.) In contrast to *Benjamin*, in this case the district court concluded that "the action could not be saved by an amendment of the complaint which the plaintiff could reasonably be expected to make." 833 F.2d at 672 (quoting *Marshall v. Sawyer*, 301 F.2d 639, 643 (9th Cir.1962)). Furthermore, if this dispute returns to the Illinois court, it will be in the form of the Rhode Island action, not this one, which, if we affirm on the merits, will be dead as a doornail. We accordingly have jurisdiction to hear this appeal.

## II. CASE OR CONTROVERSY

■ The Illinois District Court dismissed Count I of Trippe's amended complaint for lack of case or controversy, finding that given APC's concession of fair use, none of the

facts alleged by Trippe, either individually or collectively, were sufficient to create a reasonable apprehension of an infringement suit. "In reviewing the dismissal, we must determine whether the district court abused its discretion in its viewing of the evidence and consequent determination that no controversy existed." *Crown Drug Co., Inc. v. Revlon, Inc.,* 703 F.2d 240, 243 (7th Cir.1983) (citing *International Harvester Co. v. Deere & Co.,* 623 F.2d 1207, 1210 (7th Cir.1980)). "Furthermore, the district court's findings of fact will not be set aside unless they are 'clearly erroneous' as provided by Fed.R.Civ.P. 52(a)." *Ideal Industries, Inc. v. Gardner Bender, Inc.,* 612 F.2d 1018 (7th Cir.), *cert. denied,* 447 U.S. 924, 100 S.Ct. 3016, 65 L.Ed.2d 1116 (1980) (citing *Fleetwood Co. v. Hazel Bishop, Inc.,* 352 F.2d 841 (7th Cir. 1965)).

"The Declaratory Judgment Act, 28 U.S.C. § 2201, allows federal courts, in their discretion, to render declaratory judgments only where there exists an 'actual controversy': the latter requirement is a 'jurisdictional prerequisite of constitutional dimensions.'" *Crown Drug,* 703 F.2d at 242–43 (quoting *Grafon Corp. v. Hausermann,* 602 F.2d 781, 783 (7th Cir.1979)). In determining whether or not an actual controversy exists, "the question in each case is whether the facts alleged, under all circumstances, show that there is a controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941) (recently cited in *Oneida Tribe of Indians of Wisconsin v. State of Wisconsin,* 951 F.2d 757, 760 (7th Cir.1991)). "The defendant must have engaged in conduct giving rise to a reasonable apprehension on plaintiff's part that it will face ... suit or the threat of one if it commences or continues the activity in question." *International Harvester,* 623 F.2d at 1210. The focus of the inquiry must rest on the defendant's statements and conduct since an "apprehension alone, if not inspired by defendant's actions, does not give rise to an actual controversy." *Id.* at 1211. The determination should be applied to the facts existing at the time the complaint is

filed. *See Arrowhead Industrial Water, Inc. v. Ecolochem, Inc.,* 846 F.2d 731, 736 (Fed. Cir.1988). And even where a case presents an actual controversy, a court may properly refuse to grant declaratory relief for prudential reasons. *International Harvester,* 623 F.2d at 1217.

In determining whether or not a case or controversy existed at the time Trippe filed its initial complaint on December 15, 1993, we consider as relevant APC's October 30, 1992 letter which stated that Trippe's use of the term "backups" was a direct infringement of APC's trademark and APC's answer in the trademark cancellation proceedings. Trippe cannot point to any threatened legal action by APC, and the totality of the circumstances does not reasonably suggest that suit against Trippe was imminent as of the filing of Trippe's complaint. In a similar case, *American Needle and Novelty Co. v. Schuessler Knitting Mills, Inc.,* 379 F.2d 376 (7th Cir.1967), the defendant's attorney sent the plaintiff a formal letter stating that the plaintiff's product may conflict with defendant's patent since it was purportedly quite similar in appearance. The letter further stated that others in the plaintiff's position had taken a license from the defendant and requested that the plaintiff submit a sample of the product for the defendant's inspection. On appeal, the denial of jurisdiction was held valid since the facts revealed that no formal or informal charge of infringement or threat of suit had been made. *Id.* at 379.

Trippe answered APC's letter by categorically denying any infringement. APC did not respond to Trippe's denial and did not further accuse Trippe of infringement. Trippe's response to APC's letter does not evidence a reasonable apprehension on Trippe's part that it would face suit or the threat of suit if it continued in the questioned activity. In answering Trippe's Petition for Cancellation, APC merely admitted sending the earlier letter and did not retaliate against Trippe by re-alleging infringement or initiating a civil suit for infringement.

Even had a controversy existed at the time Trippe filed suit, APC's later concession of fair usage of the word "backups" by Trippe is

a "prudential reason" for which the district court may properly deny declaratory relief.

Trippe points to APC's Rhode Island lawsuit regarding the SMART–UPS trademark and APC's letters to Trippe's customers regarding the BACK–UPS mark to support a reasonable apprehension of being sued. However, Trippe has offered no evidence that the BACK–UPS and SMART–UPS marks are so related that a lawsuit over one mark necessarily threatens a suit over the other. The district court found no relationship between Trippe's use of the words "back-ups" and "backups" and the alleged infringement of the mark SMART–UPS. The complaint filed by APC in Rhode Island does not even mention the BACK–UPS mark. APC's initiation of the SMART–UPS infringement suit could not have reasonably given rise to any apprehension of suit regarding the BACK–UPS mark. Trippe's assertion that these subsequent events evidence an abuse of discretion by the district court is insupportable.

After the filing of this suit by Trippe, APC sent letters to Comp USA, one of Trippe's customers, charging infringement of the BACK–UPS mark. Trippe suggests that such interference with its customers points to the existence of an actual controversy. However, Comp USA used the term "Tripp–Lite Back–Ups" as a proper noun to refer to Trippe's uninterruptible power supplies. This usage differed from Trippe's use of the word "backups" as a generic noun to describe its products and how those products work. APC's charges of infringement regarding the one do not reasonably suggest a fear of infringement charges regarding the other. APC's letter to Trippe's customers cannot be seen as embarrassing and harassing Trippe.

Accordingly, we hold that APC's actions before and after Trippe's filing suit could not have served as the basis for a reasonable apprehension of suit, and therefore no justiciable controversy was posed by Count I.

### III. COMITY

In regard to Count II, Trippe argues that the district court's dismissal should be reversed because the Rhode Island District Court had already stayed its proceedings and deemed the action pending in the Illinois District Court as the first filed. Trippe contends that the Rhode Island court's order and considerations of comity compel the Illinois court to decide the question of venue rather than defer back to the Rhode Island court.

In fact, the order of the Rhode Island court merely stated that two separate district courts should not simultaneously consider and determine the same issues between the same parties. The May 3, 1994 order reads that, "The possibility of conflicting resolutions counsels a deferral by one of the courts involved. It is appropriate that this initial determination should be made by the Court in which the earliest action was filed. Thus, the proceedings before this court shall be stayed until such time as the Eastern District of Illinois has made a determination concerning American Power Conversion's currently pending motion." Trippe reads "this initial determination should be made by the Court in which the earliest action was filed" as mandating that the Illinois court decide the question of venue. A more plausible reading is that "this initial determination" refers to the decision of whether or not to defer to the other court. This is precisely the determination that the Illinois court made. APC's "currently pending motion" was to dismiss, transfer, or stay the proceedings, and now that a determination has been made by the Illinois court to dismiss Count II without prejudice, the Rhode Island court can proceed to address the merits of APC's preliminary injunction and Trippe's § 1404(a) motion to transfer without risk of duplicative litigation. Accordingly, comity does not require that the Illinois court decide the question of venue.

Further, the law does not require the Illinois court to decide the question of venue, even if the Illinois action was the first filed. The Illinois District Court stated that the preferred means for Trippe to attempt to change the venue of the lawsuit from Rhode Island to Illinois was to file a § 1404(a) motion to transfer in the Rhode Island court rather than by subsequently filing in Illinois an amended complaint virtually identical to the Rhode Island suit.

This circuit does not rigidly adhere to a "first-to-file" rule, *Tempco Elec. Heater Corp. v. Omega Engineering, Inc.,* 819 F.2d 746, 750–51 (7th Cir.1987), and the mere fact that Trippe first filed the action in Illinois does not give it an absolute right to choose the forum in which the question of venue should be decided. In *Tempco,* the alleged infringer filed a declaratory judgment action in the Illinois District Court and four days later the registrant filed its infringement action in the District of Connecticut. The Illinois court dismissed the declaratory judgment action in favor of the pending infringement action in Connecticut. In affirming the district court's dismissal, this court noted that some of the alleged infringer's arguments were in the nature of venue objections but that such contentions were rightly addressed to and decided by the Connecticut court. 819 F.2d at 750, n. 6. Similarly, Trippe's venue arguments may properly be addressed to and decided by the Rhode Island court, even though the action was first filed in Illinois.

 Federal district courts have the inherent power to administer their dockets so as to conserve scarce judicial resources. *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.,* 572 F.Supp. 1210, 1213 (N.D.Ill.1983). A district court has "an ample degree of discretion" in deferring to another federal proceeding involving the same parties and issues to avoid duplicative litigation. *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952). We cannot say that the district court abused this discretion when it dismissed Count II in order to "discourage duplicative litigation."

**Order**

The District Court's dismissal of the action is AFFIRMED.