116 F.3d 483
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for The
Bank of San Diego, Plaintiff-Appellee,
v.
RANCHO VISTA DEL MAR; Roque De La Fuente II; Bertha Guerra
De La Fuente; Business Park Inc., Defendants-Appellants.
THE BANK OF SAN DIEGO, a California corporation; Federal
Deposit Insurance Corporation, as receiver for
Bank of San Diego, Plaintiff-Appellee,
v.
RANCHO VISTA DEL MAR; De La Fuente Business Park Inc.;
Bertha Guerra De La Fuente II, Defendants-Appellants.
THE BANK OF SAN DIEGO, a California corporation; Federal
Deposit Insurance Corporation, as receiver for
Bank of San Diego, Plaintiff-Appellee,
v.
RANCHO VISTA DEL MAR; a California corporation, Defendant.
ROQUE DE LA FUENTE II; Bertha Guerra De La Fuente; De La
Fuente Business Park Inc., Defendants-Appellants.
THE BANK OF SAN DIEGO, a California corporation; Federal
Deposit Insurance Corporation, as receiver for
Bank of San Diego, Plaintiff-Appellee,
v.
RANCHO VISTA DEL MAR, a California corporation, Defendant
ROQUE DE LA FUENTE II; Bertha Guerra De La Fuente; De La
Fuente Business Park Inc., Defendants-Appellants.
 Nos. 95-55814, 95-56868, 95-56500, 95-56751, 95-56868.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997**
Decided June 19, 1997.
 
 Appeal from the United States District Court for the Southern District of California Judith N. Keep, District Judge, Presiding
 Before: HUG, Chief Judge, and FERNANDEZ and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 On May 8, 1995, the district court issued a summary judgment order in favor of the Federal Deposit Insurance Corporation, as receiver for the Bank of San Diego, against Rancho Vista Del Mar, Inc. for default on its promissory note obligations, and against Roque and Bertha De La Fuente and the De La Fuente Business Park[1] on their respective guaranties of the loan to Rancho Vista Del Mar. On June 8, Rancho Vista and De La Fuente filed a notice of appeal from that order (No. 95-55814). Then on June 30, 1995, the district court issued a summary judgment order against another party; on July 11, it denied Rancho Vista and De La Fuente's application for leave to file a motion to reconsider the May 8 order; and on July 5, it entered a summary judgment. However, damages and other relief questions remained. On July 18, 1995, Rancho Vista and De La Fuente amended their June 8 notice to add appeals from the July 5 entry of summary judgment and the denial of leave to file a motion to reconsider. On September 5, 1995, the district court denied a motion to disqualify the FDIC's counsel, whereupon Rancho Vista and De La Fuente filed still another notice of appeal (No. 95-56500). Finally, on October 24, 1995, the district court entered a judgment awarding damages against De La Fuente. It did not enter judgment against Rancho Vista because that entity had entered bankruptcy and all proceedings against it were subject to an automatic stay. See 11 U.S.C. § 362(a). De La Fuente filed a further notice of appeal from the damage award (No. 95-56751), and yet another notice of appeal from the district court's later order granting an interim award of attorneys' fees to the FDIC (No. 95-56868). We consolidated the appeals from the summary judgment (95-55814), damages (95-56751), and interim attorneys' fees (95-56868) orders, but we did not consolidate the disqualification denial appeal (95-56500) with the others. We now dismiss all four appeals for lack jurisdiction.
 
 A. Summary Judgment and Damages
 
 3
 We lack jurisdiction over the district court's order for summary judgment on May 8, its grant of summary judgment on July 5, and its denial of leave to file a motion to reconsider the May 8 order. None of those disposed of all of the issues in the case. See Sheet Metal Workers' Int'l Ass'n v. Madison Indus., Inc., 84 F.3d 1186, 1193 (9th Cir.1996); Brown v. United States Postal Serv., 860 F.2d 884, 886 (9th Cir.1988).
 
 
 4
 Although neither party challenged our jurisdiction over De La Fuente's appeal from the district court's judgment of October 24, 1995, we raised the issue sua sponte and ordered supplemental briefing. See WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1135 (9th Cir.1997) (en banc). Because of the bankruptcy stay, the district court's judgment did not resolve the FDIC's claims against Rancho Vista. Therefore, certain claims remained 'unadjudicated, and as a result the October 24, 1995 judgment was not appealable. See 28 U.S.C. § 1291; Fed.R.Civ.P. 54(b); Indian Oasis-Baboquivari Unified School Dist. No. 40 v. Kirk, 109 F.3d 634, 636 (9th Cir.1997) (en banc); Chacon v. Babcock, 640 F.2d 221, 222 (9th Cir.1981); see also Constitution Bank v. Tubbs, 68 F.3d 685, 693 (3d Cir.1995); Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1208-09 (3d Cir.1991); Wilhelm v. Eastern Airlines, Inc., 927 F.2d 971, 972-73 (7th Cir.1991).
 
 
 5
 Therefore, we lack jurisdiction over appeals No. 95-55814 and No. 95-56751.
 
 B. Interim Award of Attorneys' Fees
 
 6
 An interim award of attorneys' fees is not separately appealable. See Gates v. Rowland, 39 F.3d 1439, 1450 (9th Cir.1994); Rosenfeld v. United States, 859 F.2d 717, 720 (9th Cir.1988); Hillery v. Rushen, 702 F.2d 848, 848-49 (9th Cir.1983). The district court's order awarding attorneys' fees is labelled "interim" and expressly reserves jurisdiction to make a further award of fees upon application of the FDIC. Cf. Finnegan v. Director, Office of Workers' Comp. Programs, 69 F.3d 1039, 1040 (9th Cir.1995).
 
 
 7
 We lack jurisdiction over appeal No. 95-56868.
 
 C. Denial of Motion to Disqualify Counsel
 
 8
 An order denying disqualification of counsel is not separately appealable. See Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 379, 101 S.Ct. 669, 676, 66 L.Ed.2d 571 (1981); see also Shurance v. Planning Control Int'l, Inc., 839 F.2d 1347, 1348 (9th Cir.1988).
 
 
 9
 Moreover, with respect to disqualification of counsel in future proceedings, this appeal would be moot because the attorneys against whom the disqualification motion was directed have been substituted out of the case by the FDIC and it has no intention of bringing them back. Moreover, our lack of jurisdiction over any claim regarding the damage award or other relief arising out of the district court's decisions, renders any question of the effect of the alleged conflict of interest upon them premature. Even if it were not premature, De La Fuente waived any issue regarding orders issued before September 5, 1995, by expressly informing the district court that only prospective disqualification was sought. The issue of retrospective relief to invalidate earlier decisions cannot be raised here for the first time. See Beech Aircraft Corp. v. United States, 51 F.3d 834, 841 (9th Cir.1995); Fitzgerald v. Century Park, Inc., 642 F.2d 356, 359 (9th Cir.1981). Finally, any consideration of the effect of the alleged conflict on an award of attorneys' fees is equally premature because issues regarding the interim fee award are not properly before us at this time, and conflict claims related to those or to any future attorneys' fees awards can be raised when the case is properly before us.
 
 
 10
 In short, we lack jurisdiction over appeal No. 95-56500.
 
 
 11
 Appeals 95-55814, 95-56751, and 95-56868, and 95-56500 are
 
 
 12
 DISMISSED, all without prejudice to raising the issues encompassed by them at the appropriate time.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Roque De La Fuente, Bertha Guerra De La Fuente, and the De La Fuente Business Park are referred to collectively as "De La Fuente."