**CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, et al., Plaintiffs,**

v.

**PARAMOUNT LIQUOR COMPANY, Defendant.**

**No. 98 C 7263.**

United States District Court, N.D. Illinois, Eastern Division.

Feb. 9, 1999.

---

Jon K. Stromsta, Robert Anthony Coco, James P. Condon, John Joseph Franczyk, Jr., Central States Law Department, Des-Plaines, IL, for plaintiffs.

Deborah Gomolka Cole, Jeremy J. Glenn, D'Ancona & Pflaum, Chicago, IL, Douglas M. Weems, Attorney at Law, Kansas City, MO, Patrick J. Whalen, Spencer, Fane, Britt & Browns, Kansas City, MO, for defendant.

*MEMORANDUM OPINION AND ORDER*

ALESIA, District Judge.

Before the court is defendant Paramount Liquor Company's motion to dismiss plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall's complaint because (1) this is a duplicative action and (2) the complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the court grants the defendant's motion to dismiss.

## I. *BACKGROUND*

Plaintiff Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") is a multi-employer plan as defined by section 4001(a)(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1301(a)(3). Plaintiff Howard McDougall ("McDougall") is a trustee of the Pension Fund. Defendant Paramount Liquor Company ("Paramount") was a participant in the Pension Fund.

Prior to August 1, 1991, Paramount contributed to the Pension Fund on behalf of some of Paramount's employees. On or about August 1, 1991, Paramount ceased to contribute to the Pension Fund on behalf of some of Paramount's participating employees. As a result of the cessation, the Pension Fund determined that Paramount incurred a partial withdrawal pursuant to section 4205(a) of ERISA, 29 U.S.C. § 1385(a). On July 26, 1995, pursuant to section 4219(b)(1) of ERISA, 29 U.S.C. § 1399(b)(1), the Pension Fund notified Paramount that Paramount had partially withdrawn from the Pension Fund and demanded that Paramount pay its withdrawal liability.

On September 29, 1995, Paramount requested that the Pension Fund review its liability determination pursuant to section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A). After reviewing Paramount's liability, the Pension Fund, on December 4, 1995, affirmed its prior decision on Paramount's liability.

In response to the Pension Fund's affirmation, Paramount initiated an arbitration proceeding pursuant to section 4221 of ERISA,

29 U.S.C. § 1401. This arbitration proceeding occurred on May 12, 1998 in Chicago, Illinois. On October 12, 1998, the arbitrator issued an award which vacated the Pension Fund's liability assessment against Paramount.

On October 20, 1998, the Pension Fund, pursuant to 29 C.F.R. § 4221.9, filed a motion to reconsider the arbitrator's award. On November 2, 1998, the arbitrator issued a supplemental opinion in which he denied the Pension Fund's motion.

On November 12, 1998, Paramount filed a pleading in the United States District Court for the Eastern District of Missouri ("Eastern District of Missouri"). Paramount's pleading was delivered to the courthouse by a FedEx employee at 9:10 a.m. However, the Pension Fund and McDougall claim that the pleading shows a time stamp of 4:33 p.m. On this same day, the Pension Fund and McDougall filed a complaint in the United States District Court for the Northern District of Illinois ("Northern District of Illinois").[1] This complaint was time stamped at 4:14 p.m. The Pension Fund and McDougall's complaint alleges that the arbitrator's award is erroneous and, thus, should be vacated.

In response, Paramount filed, on December 28, 1998, its motion to dismiss the complaint. Paramount moves for this court to dismiss the complaint on two grounds: (1) this is a duplicative action and (2) the complaint fails to state a claim. The court will address each ground in turn. The court has subject matter jurisdiction pursuant to sections 4221(b)(2) and 4301(c) of ERISA, 29 U.S.C. §§ 1401(b)(2), 1451(c).

## II. *DISCUSSION*

### A. Duplicative action

Paramount alleges that the Pension Fund and McDougall's complaint should be dismissed because this is duplicative of a parallel action pending in the Eastern District of Missouri. Before the court can make a decision on whether to dismiss this case as duplicative, the court must first determine which action was first filed. Both the plaintiffs, the Pension Fund and McDougall, and the defendant, Paramount, claim that their respective suits were filed first. Paramount claims that it filed its suit on November 12, 1998 at 9:10 a.m. when the pleading was delivered to the clerk. However, the Pension Fund and McDougall claim that Paramount's pleading was not filed until 4:33 p.m., the time which is allegedly stamped on the pleading.[2] Furthermore, the Pension Fund and McDougall claim that since Paramount's pleading was not timed stamped until 4:33 p.m., that their complaint, filed at 4:14 p.m. on November 12, 1998, was the first to be filed.

The Pension Fund and McDougall allege that "delivery clearly does not mean 'filed.'" (Pls.' Resp. at 7). However, the Pension Fund and McDougall have failed to cite any law in support of their position. Unfortunately, neither the Federal Rules of Civil Procedure nor the Local Rules for the Eastern District of Missouri nor for the Northern District of Illinois provide a clear definition of the term "file." The court, however, has found several cases standing for the opposite of the Pension Fund and McDougall's position. Filing is complete once the document is delivered to and received by the proper official. *United States v. Lombardo,* 241 U.S. 73, 76, 36 S.Ct. 508, 60 L.Ed. 897 (1916) (basing this definition on the ordinary meaning of the word because Congress did not define "file" in the White Slave Act). Although *Lombardo* was decided before the Federal Rules of Civil Procedure were promulgated, courts have relied on it and Federal Rules of Civil Procedure 3, 5(e), and 77 for the same proposition. *See, e.g., Milton v. United States,* 105 F.2d 253, 255 (5th Cir. 1939) ("The word 'filed' ... requires of one filing a suit, merely the depositing of the instrument with the custodian for the purpose of being filed. Except where specific statute otherwise provides, and none such is present here, it charges him with no further duty, [and] subjects him to no untoward consequences."); *Greeson v. Sherman,* 265 F.Supp. 340, 342 (W.D.Va.1967) ("If Rule 3 is read in conjunction with Rule 5(e) ... [a complaint is filed when] the complaint is

---

1. Pursuant to Local General Rule 2.30(e), this case was reassigned from Judge Shadur to Judge Alesia.

2. The parties dispute as to whether Paramount's pleading is actually time stamped.

delivered to an officer of the court who is authorized to receive it."); *Freeman v. Giacomo Costa Fu Andrea*, 282 F.Supp. 525, 527 (E.D.Pa.1968) ("[I]t is settled law that delivery of a pleading to a proper official is sufficient to constitute filing thereof."). Thus, the delivery to and receipt by the clerk of Paramount's pleading in the parallel action in the Eastern District of Missouri constituted the filing.[3] Accordingly, Paramount's pleading which was "filed" at 9:10 a.m. was the first complaint to be filed.

▬▬ Based on the first filed doctrine, Paramount contends that this court should dismiss this duplicative action. The parties rights should be resolved in either the Missouri court or this court, but not both. *See, e.g., R.T.W. Int'l Corp. v. Proctor & Gamble Co.*, No. 92 C 1405, 1992 WL 131546, at *1 (N.D.Ill. May 29, 1992). Generally, "a federal suit may be dismissed 'for reasons of wise judicial administration ... whenever it is duplicative of a parallel action already pending in another federal court.'" *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir.1993) (quoting *Ridge Gold Std. Liquors v. Joseph E. Seagram*, 572 F.Supp. 1210, 1213 (N.D.Ill.1983)). While the location of the first suit's filing is a factor to consider when determining the proper forum, it is not determinative. *R.T.W. Int'l Corp.*, 1992 WL 131546, at *1. However, the plaintiff bears the burden of showing any special circumstances which justify a divergence from the "first-to-file" rule. *Chicago Heights Steel v. Rapid Eng'g, Inc.*, No. 94 C 3579, 1995 WL 27398, at *1 (N.D.Ill. Jan.23, 1995).

▬▬ Neither of the parties dispute that this is a duplicative action. However, after conceding that the Northern District of Illinois is not a more convenient forum to the parties or witnesses, (Pls. Resp. at 8), the Pension Fund and McDougall contend that it is in the "interest of justice" that the court diverge from the "first-to-file" rule. First, the Pension Fund and McDougall allege that the following factors favor the Northern District of Illinois: (1) many of the Pension Fund's actions occurred in the office which is located in the Northern District of Illinois

and (2) the arbitration and motion for reconsideration occurred in the Northern District of Illinois, which is the exclusive venue for all withdrawal liability arbitrations involving the Pension Fund. However, as the Pension Fund and McDougall correctly assert, the district court's review of the arbitrator's decision will be based on the record made during the arbitration. The fact that the Pension Fund's actions and the arbitration occurred within the Northern District of Illinois are therefore of no import and, thus, do not justify a divergence from the "first-to-file" rule. Both the Northern District of Illinois and the Eastern District of Missouri are equally able to review the arbitrator's decision.

The Pension Fund and McDougall also allege that the Northern District of Illinois is the proper forum because a Seventh Circuit case may be controlling precedent. However, the district court in the Eastern District of Missouri will be able to consider any possible Seventh Circuit law and the Pension Fund and McDougall have cited nothing in support of an opposite conclusion. Thus, because this is duplicative of an already pending suit in the Eastern District of Missouri and the Pension Fund and McDougall have shown no special circumstances which justify this court's divergence from the "first-to-file" rule, Paramount's motion to dismiss is granted.

Having granted Paramount's motion to dismiss on the ground that this is a duplicative action of the motion pending before the Eastern District of Missouri, this court will not address Paramount's alternative motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

### CONCLUSION

For the foregoing reasons, the court grants Paramount's motion to dismiss. Accordingly, the Pension Fund and McDougall's

---

**3.** Therefore, the dispute between the parties as to whether Paramount's pleading is even time stamped is irrelevant.

case against Paramount is dismissed without prejudice.