In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1763

Norfolk Southern Railway Company,

Plaintiff-Appellant,

v.

James E. Guthrie, Buddy W. Snyder,
and Lakin Law Firm,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Illinois, East St.
Louis Division.
No. 99 C 639--William L. Beatty, Judge.

Argued October 24, 2000--Decided November 15,
2000

Before Flaum, Chief Judge, and Manion and
Evans, Circuit Judges.

Flaum, Chief Judge.  Norfolk Southern
Railway Company ("NS") appeals the
dismissal of its declaratory judgment
action against Buddy W. Snyder and Lakin
Law Firm ("Lakin")./1 The district
court dismissed NS's claims for lack of
subject-matter jurisdiction under Article
III. We affirm the lower court's
decision, but on different grounds.

I.  Background

Part of NS's extensive railroad
operations are located in Illinois. NS's
relations with its employees in this area
are governed by a collective bargaining
agreement ("CBA") and the Railway Labor
Act ("RLA"), 45 U.S.C. sec. 151 et seq.
Under the CBA, NS must hold a fair and
impartial investigation to discipline
workers who have been employed for sixty
or more days. Such a worker is entitled
to be represented by an officer of the
union during these hearings. NS requires
any employee who is injured while on duty
or on company property to report to his
or her supervisor before the end of that

day. Any employee who obtains medical attention for such injuries must also notify his or her supervisor.

Current defendant Snyder and former defendant Guthrie are employees of NS who suffered apparently work-related injuries and received medical treatment for these during June, 1999 without informing their supervisors. When NS's management learned of their failure to follow the company's rules, it notified both Snyder and Guthrie that they were to attend disciplinary investigations that were originally scheduled in July but were postponed until September. After receiving these notifications, both Guthrie and Snyder hired Lakin.

On August 27, NS received two letters from Lakin regarding Guthrie and Snyder. Lakin informed NS that it represented both employees. Both letters state that any disciplinary investigation by NS would interfere with Lakin's attorney-client relationships with Guthrie and Snyder. Lakin requested that NS cancel the investigation until after Lakin had filed and litigated Guthrie and Snyder's claims under the Federal Employer's Liability Act ("FELA"), 45 U.S.C. sec. 51 et seq., and asked to be notified of NS's decision by August 31.

In response to these letters, NS filed a complaint for declaratory and injunctive relief on August 31, 1999. The complaint asked the district court to find that the disciplinary investigations were permitted by the RLA and CBA and that any attempt by Lakin to prevent such investigations through state law means would be preempted by federal law. NS was aware that Illinois recognized a tort for interference with an attorney-client relationship and that law firms could sue in their own names to recover under this cause of action. NS also knew that on eight different occasions within the preceding year-and-a-half Lakin had filed suits in state court employing this claim to prevent Union Pacific, another railroad operating in southern Illinois, from conducting disciplinary investigations of its employees.

Lakin moved to dismiss NS's action on a variety of theories. The district court chose one not argued by the parties: lack of a case or controversy under Article III. The court stated that it did not

have subject-matter jurisdiction over the case because Lakin had not taken any actions against NS and NS was not in immediate danger of sustaining direct injury caused by Lakin. NS filed a Fed.R.Civ.P. 59(e) motion asking for an opportunity to brief the case or controversy issue and for the court to reconsider its decision, but this was denied.

NS appealed to this court. During the appellate briefing schedule, Northeast Ill. Reg'l Commuter R.R. Corp. v. Hoey Farina & Downes, 212 F.3d 1010 (7th Cir. 2000) ("Metra"), whose legally relevant facts are identical with the instant case, was decided. Metra holds that, because of the well-pleaded complaint rule, the federal courts lack statutory subject-matter jurisdiction over declaratory actions that seek to challenge threatened state law actions by non-governmental declaratory defendants. Id. at 1014-16.

## II. Discussion

The parties present two arguments: one concerning constitutional subject-matter jurisdiction and the other regarding statutory subject-matter jurisdiction. We may exercise our discretion in choosing which of these threshold issues to address initially. See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 97 n.2 (1998) (stating that "a statutory standing question can be given priority over an Article III question," (emphasis added) suggesting that a court has the discretion to consider either a constitutional or statutory subject-matter jurisdiction question first). Even though Article III jurisdiction need not always be examined before any other issue, it is an antecedent question of every case. Id. at 101. Thus, we choose to analyze the case or controversy issue before the well-pleaded complaint question.

## A. Case or Controversy

The district court's legal determination that it lacked Article III jurisdiction is reviewed de novo. See Love Church v. City of Evanston, 896 F.2d 1082, 1085 (7th Cir. 1990). NS argues that its complaint against Lakin and Snyder presents a case or controversy and thus

should not have been dismissed for lack of constitutional subject-matter jurisdiction. NS is correct.

Where a declaratory plaintiff files a complaint in anticipation of litigation by the declaratory defendant, a case or controversy exists if the threat of such litigation is real and immediate. See GNB Battery Technologies, Inc. v. Gould, Inc., 65 F.3d 615, 620 (7th Cir. 1995). Only the actions of the declaratory defendant known to the declaratory plaintiff at the time the action is commenced can be considered in determining whether such a threat exists. See Trippe Mfg. Co. v. American Power Conversion Corp., 46 F.3d 624, 627 (7th Cir. 1995). NS knew that Lakin had filed tortious interference claims against Union Pacific on eight occasions when that railroad had tried to conduct disciplinary investigations against Lakin's clients. These incidents show that Lakin is likely to litigate whenever it believes a railroad is interfering with its attorney-client relationships. NS received two letters from Lakin stating that NS's proposed investigations against Snyder and Guthrie would sointerfere. Lakin's propensity to sue whenever it believes that a railroad is interfering with its attorney-client relationships combined with its letters to NS stating that Lakin believed that NS's proposed disciplinary investigations would constitute such interference is sufficient to demonstrate a real and immediate threat of litigation. Thus, the district court had the constitutional subject-matter jurisdiction necessary to proceed with NS's declaratory action.

International Harvester Co. v. Deere & Co., 623 F.2d 1207 (7th Cir. 1980), relied upon by Lakin, is not to the contrary. In that case, Deere would frequently use litigation against parties that it believed infringed on its patents, much the same way Lakin sues railroads that it believes are about to interfere with its attorney-client relationships. However, declaratory plaintiff International Harvester failed to show that Deere believed that International Harvester's product design infringed on Deere's patent, which is the fact that would trigger a suit by Deere. Id. at 1212. In contrast to International Harvester, the letters from Lakin to NS

show that Lakin believed the disciplinary investigations would interfere with its attorney-client relationships, which is the fact that would trigger litigation by Lakin, and thus a real and immediate threat of suit existed.

B.   Metra Decision

Unfortunately for NS, it faces another barrier in its attempt to bring Lakin and Snyder into federal court. This circuit's decision in Metra holds that in a declaratory judgment action anticipating litigation by a non-governmental declaratory defendant, statutory subject-matter jurisdiction exists only where federal jurisdiction would be present in a suit filed by the private declaratory defendant against the declaratory plaintiff. 212 F.3d at 1014-16. In this case, the declaratory defendant is Lakin, which is not a government entity, and its only claim in a putative suit filed against NS would be a state law tortious interference action. Under Metra, the well-pleaded complaint rule of Louisville & Nashville Co. v. Mottley, 211 U.S. 149 (1908) applies because Lakin's complaint would not allege a federal cause of action and thus federal question jurisdiction under 28 U.S.C. sec. 1331 (the only type of statutory jurisdiction NS alleges) does not exist.

NS correctly admits that the facts of the instant case are identical to those of Metra for all legally relevant purposes and concedes that Metra bars its suit if that decision stands. Thus, NS argues that Metra and the Seventh Circuit cases on which it relies are incorrect and should be overruled. NS claims that Metra lacks support in Supreme Court holdings and is in tension with a prior Seventh Circuit decision. NS's contentions, or variations on these, were considered in and rejected by the Metra opinion. Petitions for rehearing by the panel and rehearing en banc were filed in Metra, but were denied. NS does not claim that the Metra holding conflicts with a Supreme Court decision. NS has not demonstrated that Metra goes against the bulk of Seventh Circuit law, nor does NS cite opinions from other circuits showing that Metra deviates from the decisions of other courts that have considered the issue. In these circumstances, we decline to overrule Metra and instead reaffirm it. See In re Bentz Metal Prods. Co., ___

F.3d ___, 2000 WL 1661833, *3 (7th Cir. 2000). Applying Metra to NS's complaint, we hold that the lower court lacks statutory subject-matter jurisdiction over this case.

III. Conclusion

NS's declaratory complaint presents a justiciable case or controversy under Article III. However, Lakin's claims against NS would be based only on state law, and thus no federal jurisdiction exists under sec. 1331. Because of this lack of federal question jurisdiction, the judgment of the district court is Affirmed.


/1 James E. Guthrie was also a defendant in the original complaint, but NS named only Snyder and Lakin in its amended complaint which is the subject of this appeal.