THE BARRINGTON GROUP, LTD., Plaintiff,

v.

GENESYS SOFTWARE SYSTEMS, INC., Defendant.

No. 00–C–0567.

United States District Court, E.D. Wisconsin.

Jan. 2, 2003.

Andrew Reisman, for Plaintiff.

Lawrence M. Johnson, Susan H. Farina, for Defendant.

### DECISION AND ORDER

ADELMAN, District Judge.

Plaintiff, The Barrington Group, Ltd. ("Barrington"), brings this action alleging that defendant, Genesys Software Systems, Inc. ("Genesys"), a provider of human resource software systems, breached its agreement to provide a system to plaintiff. Pursuant to 28 U.S.C. § 1404, Genesys now moves to transfer the case to the District Court of Massachusetts for the purpose of consolidating it with a suit brought by Genesys against Barrington.

### I. PROCEDURAL AND FACTUAL BACKGROUND

Barrington is a Wisconsin corporation with its principal place of business in Wisconsin. Genesys is a Massachusetts corporation with its principal place of business in Massachusetts. In March 1998, the parties entered into an agreement requiring Genesys to provide software to Barrington. In the fall of 1998, the agreement began to break down, with Barrington complaining that Genesys was not performing its obligation, and Genesys claiming that Barrington was continually revising its specifications.

In April 1999, after Barrington withheld payment, Genesys filed a lawsuit against Barrington in state court in Massachusetts but deferred serving the summons and complaint pending the outcome of settlement discussions. In December 1999, dissatisfied with the progress of negotiations, Genesys served the summons and complaint on Barrington. Settlement talks resumed but subsequently broke down again. On April 13, 2000, Barrington moved to dismiss the Massachusetts action based on Genesys's failure to effect timely service. It is not clear from the record what the outcome of that motion was, but on April 19, 2000, Genesys filed another action against Barrington in state court in Massachusetts. On April 21, 2000, two days later, Barrington filed the present action against Genesys in this court.

On June 13, 2000, the Massachusetts state court case was removed to the federal district court in Massachusetts. The present case involves the identical parties and issues as the Massachusetts case. The two cases are "mirror image" actions, i.e., they are duplicative of one another.

### II. DISCUSSION

Section 1404(a) provides that:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action

to any other district or division where it might have been brought.

When addressing § 1404(a) motions to transfer venue, in addition to considering the factors listed in the statute, i.e., the convenience of parties and witnesses and the interest of justice, courts consider a variety of additional factors thought to have a bearing on the determination. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 n. 3 (7th Cir.1986) (stating that the factors listed in the statute are best viewed as placeholders for a broader set of considerations, the contours of which turn upon the particular facts of each case). One such factor is which forum would better serve judicial economy. *See* 17 James Wm. Moore et al., *Moore's Federal Practice* § 111.13[1][b] (3d ed.1997).

■ Judicial economy is a particularly important concern when two actions involving the same parties and issues are pending in different districts. In such situations, federal courts have the inherent power, apart from § 1404, to transfer, stay or dismiss the suit to avoid wasteful, repetitive litigation. *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir.1993); *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F.Supp. 1210, 1213 (N.D.Ill.1983). This is so because district courts have the inherent power to administer their dockets in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952).

■ The general rule in situations where mirror image actions are pending in different districts, whether filed in those courts originally or removed there, is that the first-filed action will be given priority and allowed to proceed in favor of the later action. *See Warshawsky & Co. v. Arcata Nat. Corp.*, 552 F.2d 1257, 1263 (7th Cir. 1977) (stating that "unless unusual circumstances warrant, the party filing later in time should be enjoined from further prosecution of his suit."). The first-to-file rule at once eliminates duplicative litigation and adheres to "the inherently fair concept that the party who commenced the first suit should generally be the party to attain its choice of venue." *See Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F.Supp. 1144, 1150 (S.D.N.Y.1995).

■ The Seventh Circuit follows the first-to-file rule but does not apply it rigidly. *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir.1995). Rather, there is a presumption that the first-filed case should be allowed to go forward and the second case abated, although the presumption can be rebutted by a showing that special circumstances dictate departure from the rule. *Asset Allocation and Mgmt. Co. v. Western Employers Ins. Co.*, 892 F.2d 566, 573 (7th Cir.1989). Mechanical application of the rule could potentially conflict with the rationale underlying it. The inherent fairness in generally giving the first to file the selection of forum diminishes if the purpose of that first filing is simply to preempt the choice of venue.

■ Thus, priority in time will not be enforced where the first-filed action is seen as an "improper anticipatory filing"— that is, a filing made under threat of an imminent suit and asserting the mirror image of that suit in another district. *See* 1 Robert L. Haig, *Business & Commercial Litigation in Federal Court*, § 3.10 (1998). Declaratory judgment actions brought in the face of clear threats of suit and seeking determinations that no liability exists

will be closely scrutinized as potentially improper anticipatory filings if the other party proceeds to file an action alleging an infringement of rights. *See Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749–750 (7th Cir.1987). Nevertheless, where mirror image cases are pending, the plaintiff in the second-filed suit bears the burden of showing that there are sufficiently compelling circumstances or a sufficient imbalance of convenience to overcome the presumption that the second-filed case should be dismissed in favor of the case filed first. *See Central States, Southeast and Southwest Areas Pension Fund v. Paramount Liquor Co.*, 34 F.Supp.2d 1092, 1094 (N.D.Ill.1999).

In the present case, Barrington, first argues that Genesys fails to demonstrate that Massachusetts is a more convenient forum for parties and witnesses. Barrington's argument might be sufficient to defeat Genesys's motion to transfer if there were no duplicative case pending in Massachusetts. However, because Genesys's Massachusetts suit was filed before Barrington's action, the burden is on Barrington to overcome the presumption that the Massachusetts case has priority and should go forward. Barrington's critique of Genesys's balance of convenience showing does not satisfy this burden.

Second, relying on *Generac Corp. v. Omni Energy Systems, Inc.*, 19 F.Supp.2d 917, 924 (E.D.Wis.1998), Barrington argues that I should not apply the first-to-file rule merely because Genesys won the race to the courthouse. However, the first-to-file rule is intended to reward parties who win the race to the courthouse. Moreover, unlike the situation in *Generac*, Genesys's Massachusetts suit is not a declaratory judgment action, and Barrington presents no evidence that it was improperly filed in anticipation of Barrington's suit. In fact, Genesys commenced a suit against Barrington in Massachusetts concerning the contract in the present case a year before the present case was filed. Thus, Barrington's second argument is also unpersuasive.

Courts may implement the first-to-file rule in several ways. Pursuant to its inherent power, a court may dismiss the second-filed action to avoid duplicative litigation. *See Trippe Mfg. Co.*, 46 F.3d at 629. In the alternative, a court may transfer the case under § 1404(a) so that it may be consolidated with the first-filed action. *See, e.g., Midwest Motor Express, Inc. v. Central States Southeast*, 70 F.3d 1014, 1017 (8th Cir.1995). If the first-filed action is vulnerable to dismissal on jurisdictional or statute of limitations grounds, the court in the second-filed action should stay or transfer it, rather than outright dismiss it. *See Asset Allocation & Mgmt.*, 892 F.2d at 571. I know of no reason why Genesys's Massachusetts action might be vulnerable to a motion to dismiss, but, to be prudent, I will transfer the case to the District of Massachusetts, where it may be consolidated with the Massachusetts case, if appropriate.

## III. CONCLUSION

**THEREFORE,** Genesys's motion to transfer the case to the District of Massachusetts is **GRANTED.**